E-FILED
Tuesday, 24 November, 2026 10:20:00 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **PETEFISH, SKILES & CO., an Illinois Banking Association,** <br> **Interpleader-Plaintiff,** <br><br> **v.** <br><br> **MEADS-MAES USA CHIREN JOINT VENTURE COMPANY and UGS DRILLING CHIREN DZZD,** <br> **Interpleader-Defendants.** | ) | **Case No. 24-cv-3250** |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Interpleader-Defendant UGS Drilling Chiren DZZD's Objection (Doc. 93) to the Magistrate Judge's Order (Doc. 91) Granting Interpleader-Defendant Meads-Maes USA Chiren Joint Venture Company's Motion for Issuance of Letters Rogatory. The Court has reviewed the parties' briefs relating to the objection. (Docs. 94, 102, 105, 109)

Meads-Maes USA Chiren Joint Venture Company ("Meads-Maes") requested International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters to obtain certain documents from the European Public Prosecutor's Office, which is headquartered in Luxembourg. (Doc. 76). Upon considering the factual background of this case and the applicable factors, United States Magistrate Judge Quivey granted Meads-Maes's Motion for the Issuance of Letters Rogatory. This Court reviews a magistrate judge's order as to non-dispositive matters

such as this under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). The Court may "modify or set aside any part" of a magistrate judge's order, which "is clearly erroneous or contrary to law." Fed. R. Civ. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (authorizing the district judge to reconsider any portion of the magistrate judge's order that "is clearly erroneous or contrary to law"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Platinum Tech., Inc. v. Federal Ins. Co.*, 282 F.3d 927, 931 (7th Cir. 2002) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). While "clearly erroneous" is a deferential standard of review, it is not a rubber stamp. *Id.* at 931.

In objecting to the Order granting the Motion for Issuance of Letters Rogatory, UGS Drilling Chiren DZZD ("UGS") alleges that while the magistrate judge recognized the proper legal standard, he did not correctly apply it. "When it is necessary to seek evidence abroad . . . the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.*

In noting this interpleader action concerns whether UGS or Meads-Maes is entitled to payment of the $7 million held by Plaintiff Petefish Skiles & Company, Judge Quivey found that the evidence sought may be relevant to Meads-Maes's fraud defense thereby satisfying the discovery requirements of Federal Rule of Civil Procedure 26. (Doc. 91 at

5-6). While mindful of the comity concerns expressed in *Societe Nationale*, courts should consider multiple factors, one of which is the importance to the litigation of the documents or information sought. *Dyson, Inc. v. Sharkninja Operating LLC*, 2017 WL 446042, at *2 (N.D. Ill. 2017). UGS contends that, by simply finding that the documents sought are relevant to the litigation, the magistrate judge did not consider whether and to what extent the documents are important to the litigation. However, the discovery principles of Rule 26 are often helpful in determining whether the documents sought are important to the litigation. *Commodity Futures Trading Comm. v. Logista Advisors LLC*, 2024 WL 6994947, at *1 (N.D. Ill. 2024). Furthermore, the magistrate judge's Order notes that the primary issue concerns which of the Interpleader Defendants is entitled to the $7 million and references Meads-Maes's affirmative defense of fraud, before finding: "Meads-Maes has made a sufficient showing that for purposes that the [European Public Prosecutor's Office] was investigating fraud related to the underlying project in Bulgaria that involves the $7 million guaranty at issue in this case." (Doc. 91 at 6). The Order also provides that one of the reasons the materials are sought is related to an investigation concerning "any alleged fraud, corruption, misuse of EU funds, or other unlawful conduct connected to that project." (*Id.* at 7). Based on the foregoing, the Court concludes that the magistrate judge considered and determined that Meads-Maes's discovery request was sufficiently important to this litigation. That determination is supported by the record. Upon considering Meads-Maes's allegations and supporting documentation, the Court sees no clear error in Judge Quivey's determination that the documents sought are relevant and important to this litigation.

The Court next considers the degree of specificity of the request. *See Dyson*, 2017 WL 446042, at *2. Judge Quivey found that, while Meads-Maes's requests in its letters rogatory are broad, the requests are not overly broad to such an extent that the European Public Prosecutor's Office would not be able to understand the request or comply with the requests if it chose to do so. The magistrate judge noted that Meads-Maes' request in seeking documents, records, and any other information pertains directly to the Chiren Underground Gas Storage Expansion Project, which is the project at the center of this $7 million dispute. UGS contends Meads-Maes's requests are neither limited to frauds allegedly committed by UGS nor even to frauds allegedly committed by Meads-Maes. The request includes documents in the European Public Prosecutor's Office's criminal investigative files regarding the third-party governmental agency "BTG with respect to . . . any alleged fraud, corruption, misuse of EU funds, or other unlawful conduct connected to that project." (*Id.*) UGS contends this request is vast and overbroad. However, there is evidence in the record that, in Meads-Maes's contract with UGS, Meads-Maes assumed all of UGS's obligations under the main contract with BTG. The requests are seeking documents relating to the European Public Prosecutor's Office's investigation into the Chiren project and potential fraud by UGS and its affiliates. The Court finds no error with the magistrate judge's determination that the specificity of the request favors issuance of the letters rogatory.

The third comity factor concerns "whether the information originated in the United States," *see Dyson*, 2017 WL 446042, at *2, which Judge Quivey weighed against

issuance because the information did not originate in the United States. UGS does not object to this finding by the magistrate judge.

The fourth factor involves the availability of alternative means of securing the information sought. *see Dyson*, 2017 WL 446042, at *2. Judge Quivey found this factor weighed in favor of granting Meads-Maes's request and noted that neither the Court nor the parties knows what is in the European Public Prosecutor's Office's filings. The Court disagrees with UGS's assertion that this observation serves to shift the burden to UGS to show that all documents related to the broad categories of documents sought by Meads-Maes can be obtained from other sources. It merely states the obvious point that there may be documents from BTG or other third parties that were raided as part of the European Public Prosecutor's Office's investigation. The Court finds no error with Judge Quivey's determination that it is unlikely the information can be obtained by Meads-Maes from alternative sources and this factor weighs in favor of granting the request.

The fifth factor concerns "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located." *Dyson*, 2017 WL 446042, at *2. Judge Quivey observed that the decision whether to comply and produce the documents, information, and material responsive to Meads-Maes's letters rogatory was solely vested with the European Public Prosecutor's Office. Thus, he determined that Luxembourg and the prosecutor's office were in the best position to determine how each will apply its own rules and regulations. UGS suggests such a finding means this factor weighs neither in favor nor against issuance of the letters

rogatory. Judge Quivey determined this factor favored issuance of the letters rogatory because compliance would not undermine important interests of the state where the information was located. He observed that it was uncertain whether the foreign entity would comply with the letter of request but that decision was best left to the foreign entity. The Court sees no error with that determination.

Upon reviewing the record and the extensive briefing by both parties, the Court finds no clear error with Judge Quivey's assessment of the factors relevant to issuance of a letter of request pursuant to the Hague Convention. Because no portion of Judge Quivey's Order is contrary to law, the Court has no basis to modify or set aside any portion thereof. Therefore, Interpleader-Defendant UGS Drilling Chiren DZZD's Objection (Doc. 93) to the Magistrate Judge's Order (Doc. 91) Granting Interpleader-Defendant Meads-Maes USA Chiren Joint Venture Company's Motion for Issuance of Letters Rogatory is OVERRULED and the Order is AFFIRMED.

ENTER: November 23, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE